PER CURIAM.
We affirm the trial court’s order denying in part the former wife’s motion for attorney’s fees in this post-dissolution action that concerned visitation and child support. The Canadian dissolution action amounted to “prior litigation” between the parties that the trial court properly considered on the issue of attorney’s fees under Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997). The court had adequate evidence before it to support its ruling, including the detailed report of Dr. Reed. At the time the wife left Canada for South Africa, there was an order from the Canadian court allowing the father supervised visitation. Over ten years passed from the time the former wife left Canada until the time the former husband commenced the underlying action, after discovering the former wife and his children in Florida. The trial judge was concerned about the delays in this case caused by the former wife’s actions. She observed that “justice delayed [was] justice denied” and noted that parties to dissolution actions must resolve their disputes through the court system rather than resorting to self help.[1] We find no abuse of discretion in the trial court’s decision on attorney’s fees.
AFFIRMED.
KLEIN, SHAHOOD and GROSS, JJ., concur.

. At the May 4, 1999 hearing the trial judge voiced the following concerns:
What is very distressing is the ease at which mom testified that she was very aware of the Canadian court orders and she didn’t obey some of it. The way mom testified about court orders and her obeying or disobeying them is of very great concern.
If every parent involved within the court system made a determination that they were above the law and disappeared with the children when they felt like disappearing with the children we would have chaos.... It didn’t matter what this court ordered at this point regarding contact [of the father] with the children, because the children, according to Dr. Reed, were beyond the point that this court could order them to do anything. And I respect dad for recognizing that dilemma and in choosing to dismiss at this point. So this passage of time has been of benefit to mom, but yet the life she has chosen to have these children live has been to their detriment.